# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 668; MICHAEL NEWSOME, in his official capacity as Secretary of the Pennsylvania Office of Administration; BRIAN T. LYMAN, in his official capacities as Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations,<br><br>    Defendants. | Case No. _____<br><br>(Hon. _____)<br><br>**COMPLAINT**<br><br>--ELECTRONICALLY FILED-- |

AND NOW comes Plaintiff Sandra Smith, by and through her undersigned attorneys, and states the following claims for relief against Defendants Service Employees International Union, Local 668 ("Local 668"); Michael Newsome, in his official capacity as Secretary of the Pennsylvania Office of Administration; and Brian T. Lyman, in his official capacities as Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations (collectively, "Commonwealth Defendants") and avers as follows:

## SUMMARY OF THE CASE

1.      This is a civil rights action pursuant to 42 U.S.C. § 1983 for declaratory, injunctive, and monetary relief, to redress the ongoing deprivation of Plaintiff's rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution. This deprivation is caused by Defendants' contracts, policies, and practices, under color of state law, in which Defendants have and continue to have union dues or fees seized from Plaintiff's wages, even though she is a nonmember public employee who objects to financially supporting Local 668.

2.      The United States Supreme Court held that the First Amendment to the Constitution of the United States prohibits the government and unions from compelling nonmember public employees to pay dues or fees to a union as a condition of employment. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). Defendants are violating Plaintiff's constitutional rights by deducting payments of union dues or fees from her wages as a condition of employment.

3.      Local 668 has acknowledged Ms. Smith's resignation from union membership, but delayed processing her resignation, and then has continued to act in concert with the Commonwealth, by and through its agents and officials, to seize and to accept union dues or fees from Plaintiff's wages, violating her First and Fourteenth Amendment rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience.

4.     Additionally, Local 668 has acted in concert with the Commonwealth, by and through its agents and officials, to deduct and to accept union dues or fees from Plaintiff's wages without providing her any meaningful notice or opportunity to object to the ongoing deductions, the process by which the money is withheld, or the ways in which her money is used, violating her Fourteenth Amendment right to due process.

5.     Because Defendants continue to deduct union dues or fees from Plaintiff's wages in violation of her constitutional rights, Plaintiff seeks injunctive and declaratory relief against all Defendants and compensatory and nominal damages against Local 668, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

6.     This action arises under the Constitution and laws of the United States of America, including the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities under the Constitution of the United States, and particularly the First and Fourteenth Amendments thereto, and 42 U.S.C. § 1988.

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331—because her claims arise under the United States Constitution—and 28 U.S.C. § 1343—because she seeks relief under 42 U.S.C. § 1983.

8.     This action is an actual controversy in which Plaintiff seeks a declaration of her rights under the Constitution of the United States. Pursuant to 28 U.S.C.

§§ 2201 and 2202, this Court may declare plaintiffs' rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because one or more defendants are domiciled in, and operate or do significant business in, this judicial district, and a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

**PARTIES**

10.     Plaintiff Sandra Smith is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), as defined by Pennsylvania's Public Employe Relations Act ("PERA"), employed by the Commonwealth of Pennsylvania Department of Human Services as an Income Maintenance Caseworker at the Luzerne County Assistance Office, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Local 668.

11.     Defendant Local 668 is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), within the meaning of PERA. Local 668 represents certain employees of the Commonwealth of Pennsylvania, including Plaintiff, exclusively for purposes of collective bargaining with the Commonwealth. Local 668 maintains a place of business at 2589 Interstate Drive,

Harrisburg, Pennsylvania, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Middle District of Pennsylvania.

12.     Defendant Michael Newsome is Secretary of the Office of Administration. On information and belief, Mr. Newsome negotiated, entered into, and is the signatory to, on behalf of the Commonwealth, the collective bargaining agreement ("CBA") governing the terms and conditions of Plaintiff's employment. Additionally, on information and belief, Mr. Newsome is responsible for human relations for Commonwealth employees. Mr. Newsome is sued in his official capacity.

13.     Defendant Brian T. Lyman, Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, is responsible for, among other duties, issuing wages to employees of the Commonwealth, including Plaintiff. He oversees the payroll system for the Commonwealth, which includes processing union dues and other payroll deductions pursuant to the requirement of the collective bargaining agreement. Mr. Lyman is sued in his official capacities.

## FACTUAL ALLEGATIONS

14.     Acting in concert under color of state law, the Commonwealth of Pennsylvania, by and through its representatives acting in their official capacities, and Local 668 have entered into collective bargaining agreements controlling the terms and conditions of Plaintiff's employment at all times relevant hereto.

15.    The term of the current CBA governing Plaintiff's employment is July 1, 2019, to June 30, 2023. Relevant portions of the CBA are attached hereto as "Exhibit A," and incorporated by reference herein.

16.    PERA authorizes public employers and employee organizations and/or representatives to engage in bargaining relevant to membership dues deductions. 43 P.S. § 1101.705.

17.    PERA defines "membership dues deduction" as "the practice of a public employer to deduct from the wages of a public employe, with his written consent, an amount for the payment of his membership dues in an employe organization, which deduction is transmitted by the public employer to the employe organization." 43 P.S. § 1101.301(11).

18.    Provisions in Article 3 of the current CBA authorize the Commonwealth, as the employer, to deduct membership dues from the wages of an employee subject to the terms and conditions of the CBA and to remit said dues to Local 668. *See* Ex. A, art. 3, sec. 1.

19.    Article 3 of the CBA states:

> *Section 1.* The Employer agrees to deduct the Union membership dues, an annual assessment, and an initiation fee, from the pay of those employees who individually request in writing that such deductions be made . . . The Union shall certify to the Employer the rate at which Union dues are to be deducted, and dues at this rate shall be deducted from all compensation paid. The aggregate deductions of all employees shall be remitted together with

an itemized statement to the Union by the last day of the
succeeding month, after such deductions are made.

. . . Should it be determined by the Union that an employee's
payroll dues deductions should cease, the Union shall be
responsible for notifying the Employer. Such notices shall
be communicated in writing and shall include the effective
date of the cessation of payroll dues deduction. The
Employer shall rely on the information provided by the
Union to cancel or otherwise change authorizations.

Ex. A, art. 3, sec. 1.

20.     Article 3 also states that Local 668 "shall indemnify and hold the

Employer harmless" for actions "taken or not taken by the Employer under the

provisions of this Article." Ex. A, art. 3, sec. 6.

21.     Plaintiff began employment in her current position with the

Commonwealth on or about June 16, 2014, and joined Local 668 as a member on or

about the same date.

22.     On or about June 1, 2020, Plaintiff sent a resignation letter to Local

668's headquarters at 2589 Interstate Drive, Harrisburg, Pennsylvania.

23.     Plaintiff's resignation letter notified Local 668 that she resigned her

Local 668 membership, effective immediately, and directed Local 668 to immediately

cease dues deductions from her wages.

24.     On or about June 1, 2020, Plaintiff also notified her employer by letter

that she had resigned her Local 668 membership and revoked her dues deduction

authorization. A representative of Plaintiff's employer informed her that her employer would not stop deducting union dues until Local 668 notified her employer to do so.

25.     On or about June 4, 2020, Local 668 notified Plaintiff by letter that it had received Plaintiff's resignation request and that it would "process [Plaintiff's] request to withdraw from [Local 668] membership" in ten days.

26.     On information and belief, Local 668 did not process Plaintiff's membership resignation until at least June 14, 2020.

27.     Local 668's June 4, 2020 letter also informed Plaintiff that dues deductions would not stop "until the annual window period specified in the membership application."

28.     Local 668 enclosed with its June 4, 2020 letter a copy of the "Membership Application" purportedly signed by Plaintiff on May 9, 2018.

29.     The "Membership Application" states that "dues deduction is a requirement for membership in SEIU Local 668."

30.     The "Membership Application" also states that the "annual window period" is "not less than ten (10) days and not more than thirty (30) days before the end of any yearly period; provided however, if the applicable collective bargaining agreement specifies a longer revocation period, then only that longer period shall apply."

31.     Defendants never provided Plaintiff with written notice of her constitutional rights, including her right to choose not to pay any dues or fees to

Local 668 as a nonmember or to due process, including notice and an opportunity to object to how any nonconsensual dues or fees taken from her are used.

32.     Defendants never asked Plaintiff to agree to pay money to Local 668 as a nonmember, or to otherwise waive any constitutional rights, following her resignation of her Local 668 membership.

33.     Plaintiff never received notice from Defendants that she had the constitutional right not to pay union dues or fees to Local 668 when she was not a member of Local 668.

34.     Plaintiff has never waived her constitutional right as a nonmember not to pay union dues or fees to Local 668.

35.     Since Plaintiff's resignation, continuing to the present day, Defendants, pursuant to the CBA, the "Membership Application," and/or their joint policies and practices, act in concert under color of state law to collect, distribute, accept, and/or retain union dues or fees deducted from Plaintiff's wages.

36.     Continually since the date of Plaintiff's resignation from union membership, Mr. Lyman, in his role overseeing the Office of Comptroller Operations, acting in concert with Local 668, has continued to deduct purported union dues or fees from Plaintiff's wages.

37.     Continually since the date of Plaintiff's resignation from Local 668 union membership, Local 668 has continued to take, receive, accept and/or retain purported union dues or fees from Plaintiff's wages.

38.     Defendants continue to take and accept purported union dues or fees from Plaintiff's wages against Plaintiff's will and without her consent.

39.     Defendants, acting in concert under color of state law, have provided Plaintiff no meaningful notice or opportunity to object to the deductions, the process by which the money is deducted, or the ways in which her money is used.

40.     On information and belief, Local 668 uses the financial support forcibly seized from Plaintiff for purposes of political speech and activity, among other purposes.

41.     Plaintiff objects to the compelled association and speech inherent in, and financial subsidization of, any activities of Local 668 and its affiliates for any purpose.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

42.     Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The First Amendment to the Constitution of the United States protects the associational, free speech, and free choice rights of United States citizens, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

44.     The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may

any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486.

45.     Because Plaintiff is a nonmember employed in a bargaining unit represented exclusively for collective bargaining by Local 668, the First Amendment protects her from being forced to financially support or otherwise be associated with Local 668.

46.     Because Plaintiff is a nonmember of Local 668, the First Amendment protects her from having Commonwealth Defendants deduct nonconsensual financial support for Local 668 from her wages.

47.     A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

48.     Plaintiff has never waived her constitutional right as a nonmember not to provide financial support via payroll deduction or other method to Local 668.

49.     Plaintiff did not waive her constitutional right not to financially support Local 668 after she became a nonmember following her resignation of membership in Local 668.

50.     Local 668 is acting in concert and under color of state law with the Commonwealth of Pennsylvania, by and through its agents, including Defendant

Lyman, to seize and/or accept deductions of union dues or fees from Plaintiff's wages.

51.     These forced payroll deductions violate Plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution, and violate 42 U.S.C. § 1983 by causing her to provide financial support, including of the political activities and speech of Local 668, without her consent.

52.     Defendant Lyman is acting under color of state law in seizing union dues or fees from Plaintiff's wages via payroll deduction, in concert with Local 668 and pursuant to the joint policies and practices, the "Membership Application," and the provisions of the CBA between them, despite Plaintiff's status as a nonmember of Local 668 and her revocation of her consent to payroll deductions of union dues or fees.

53.     Defendants, by deducting and collecting union dues or fees from Plaintiff via payroll deduction despite Plaintiff's revocation of consent to dues deductions, and without clear and compelling evidence that she has waived her constitutional rights, are depriving Plaintiff of her First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

54.     As a direct result of Defendants' concerted actions, taken pursuant to state law, their CBA, the "Membership Application," and their joint policies and practices, Plaintiff:

a.      is being prevented from exercising her rights and privileges as a citizen of the United States not to fund and support the agenda, activities, expenses, and speech of a private organization;

b.      is being deprived of her civil rights guaranteed under the Constitution and statutes of the United States;

c.      is in danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law; and

d.      is suffering and has suffered monetary damages and other harm.

55.     If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing her irreparable harm.

## COUNT TWO
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

56.     Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

57.     The Fourteenth Amendment to the Constitution of the United States guarantees due process to citizens facing deprivation of liberty or property by state actors. "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful

opportunity to be heard." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998); *see also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976).

58.     Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and facilitate the protection of public employees' rights. *See Chi. Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

59.     Additionally, Plaintiff has a property interest in her salary and wages, specifically the funds being deducted from her wages.

60.     Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Plaintiff's constitutional rights, including, but not limited to, the constitutionally required procedures and disclosures regarding the use of union dues or fees taken from her, as recognized in *Hudson*.

61.     Defendants have not provided Plaintiff with notice of or a meaningful opportunity to object to the continued seizure of a portion of her wages via payroll deductions by Commonwealth Defendants for Local 668 or the use of her funds by Local 668.

62.     Plaintiff has never waived her due process rights, including her right not to subsidize the speech and activities of Local 668.

63.     As a direct result of Defendants' concerted actions, Plaintiff:

       a.     is being prevented from exercising her rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda, activities, speech, and expenses of a private organization which she objects to supporting;

       b.     is being deprived of her civil rights guaranteed to her under the Constitution and statutes of the United States and has suffered monetary damages and other harm;

       c.     is in danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law;

       d.     is being deprived of her property interest in her salary, specifically the union dues or fees being deducted from her wages; and

       e.     is suffering and has suffered monetary damages and other harm.

64.     If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing her irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

A.     **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

i.       that any taking of union dues or fees from Plaintiff after she

resigned her Local 668 membership and without proper constitutional notice

and waiver violates her rights under the First and Fourteenth Amendments to

the Constitution of the United States, and that any provisions in PERA, the

CBA, or the "Membership Application" or other purported dues deduction

authorizations that authorize such deductions of union dues or fees are

unconstitutional;

ii.       or, alternatively, that the First and Fourteenth Amendments

require Local 668 to provide Plaintiff with constitutionally adequate notice and

a meaningful opportunity to object to the nonconsensual monies being seized

from her and the purposes for which the monies are used, including the notice

and procedures required by *Hudson*.

B.       **Injunctive:** A permanent injunction requiring Defendants, their officers,

employees, agents, attorneys, and all others acting in concert with them:

i.       not to enforce the terms of the "Membership Application" or any

other purported dues deduction authorization against Plaintiff without proper

constitutional notice and waiver or to otherwise engage in conduct or enforce

any provisions of PERA or the CBA declared unconstitutional under Part A;

ii.       not to collect any money from Plaintiff in the form of union dues

or fees, through deductions from her wages or any other manner, or otherwise

seek to enforce the terms of any purported dues deduction authorizations without proper constitutional notice and waiver;

   iii.  or, alternatively, to provide constitutionally adequate notice and procedures regarding the Commonwealth's payroll deductions of forced financial support of Local 668 from Plaintiff's wages.

   C.  **Monetary:** A judgment against Local 668 awarding Plaintiff nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of her constitutional and civil rights including, but not limited to, the amount of union dues or fees deducted from her wages after Plaintiff's resignation, plus interest thereon, and such amounts as principles of justice and compensation warrant.

   D.  **Attorneys' Fees and Costs:** A judgment against Local 668 awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

   E.  **Other:** Such other and further relief as the Court may deem just and proper.

         Respectfully submitted,

         THE FAIRNESS CENTER

Dated: December 10, 2020   *s/ Nathan J. McGrath*
         Nathan J. McGrath
         Pa. Attorney I.D. No. 308845
         E-mail: njmcgrath@fairnesscenter.org
         Curtis M. Schube
         Pa. Attorney I.D. No. 325479

E-mail: cmschube@fairnesscenter.org
Justin T. Miller
Pa. Attorney I.D. No. 325444
E-mail: jtmiller@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Floor 2
Harrisburg, Pennsylvania 17101
Phone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*